

*1027256282*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

DIANE SELF, an individual, )
DAVID SELF, an individual, and )
DILLON SELF, an individual )
       )
          Plaintiffs, )
       )
v. )   Case No. **CJ - 2014 - 5 3 1 2**
       )
TRAVELERS INDEMNITY COMPANY, )   JURY TRIAL DEMANDED
a foreign corporation, )   ATTORNEY LIEN CLAIMED
STANDARD FIRE INSURANCE COMPANY, )   FILED IN DISTRICT COURT
a foreign corporation, )   OKLAHOMA COUNTY
CHARLES GOOCH, an individual )
CHARLES GOOCH INSURANCE, LLC., and )   SEP 1 8 2014
a domestic limited liability company, )
       )   TIM RHODES
          Defendants. )   COURT CLERK
                                                by

### ORIGINAL PETITION

Plaintiffs Diane Self, David Self, and Dillon Self (collectively, "**Plaintiffs**"), by and through

their attorneys of record, BROWN & GOULD, PLLC, for their Original Petition against defendants

Travelers Indemnity Company, Standard Fire Insurance Company, Charles Gooch, and Charles

Gooch Insurance, LLC (collectively "**Defendants**"), allege and state as follows:

### I.
### PARTIES

1.    Plaintiff Diane Self is an individual resident of Tuttle, Grady County, Oklahoma.

2.    Plaintiff David Self is an individual resident of Tuttle, Grady County, Oklahoma, the

spouse of plaintiff Diane Self, and resident of the same household as Diane Self.

3.    Plaintiff Dillon Self is an individual resident of Harrah, Oklahoma County,

Oklahoma, and the son of plaintiff David Self.

*Ex.*

1

4.     Defendant Travelers Indemnity Company ("**TIC**") is a foreign insurance company licensed to sell automobile insurance policies within the State of Oklahoma, who may be served with process by and through its mandatory designated agent:

> John Doak, Oklahoma Insurance Commissioner,
> Oklahoma Insurance Department, Five Corporate Plaza,
> 3625 N. W. 56th Street, Suite 100,
> Oklahoma City, Oklahoma 73112-4511.

5.     Defendant Standard Fire Insurance Company ("**SFIC**") is a foreign insurance company licensed to sell automobile insurance policies within the State of Oklahoma, that may be served with process by and through its mandatory designated agent:

> John Doak, Oklahoma Insurance Commissioner,
> Oklahoma Insurance Department, Five Corporate Plaza,
> 3625 N. W. 56th Street, Suite 100,
> Oklahoma City, Oklahoma 73112-4511.

6.     Defendant Charles Gooch ("**Gooch**") is an individual resident of Norman, Cleveland County, Oklahoma and an insurance agent licensed to sell automobile insurance products within the State of Oklahoma.

7.     Defendant Charles Gooch Insurance, LLC ("**CGI**") is a domestic limited liability company organized under the laws of the State of Oklahoma that may be served with process by and through its mandatory designated agent, for the service of process: Charles Gooch Insurance, LLC, 418 N. Interstate Dr., Norman Oklahoma, 73072.

2

## II.
## JURISDICTION AND VENUE

8.      This Court has general and original jurisdiction over Plaintiffs' common law claims

for breach of contract, bad faith, and negligence. Furthermore, the total amount in controversy is in

excess of $10,000.

9.      Venue is proper in Oklahoma County, Oklahoma because it is where Defendants TIC

and SFIC conduct business, are subject to personal jurisdiction, and where they have a mandatory

designated agent for the purpose of process. OKLA. STAT. tit. 36, § 621-622.

10.     All conditions precedent to instituting this action have occurred, been performed,

were waived, or have otherwise been satisfied.

## III.
## STATEMENT OF FACTS

Plaintiffs incorporates all of its prior allegations by reference.

11.     On or about May 5, 2014, Diane Self purchased for her step-son, Dillon Self, a 2014

KIA FORTE KOUP, VIN # KNAFX6A8XE5217205 set forth in the Policy Declarations (the

"Covered Auto").

12.     Defendant Gooch for himself and/or through his professional company, CGI

(collectively, the "Gooch Defendants") are insurance agents authorized to sell automobile insurance

policies for and on behalf of TCI and SFIC.

13.     On information and belief, defendant TIC controls and governs all operations of SFIC

and makes all business decisions and transactions for SFIC, including insurance coverage decisions.

14.     Contemporaneous with the purchase of the Covered Auto, Diane Self consulted with

the Gooch Defendants for purposes of obtaining automobile insurance for the Covered Auto.

3

15.     During this consultation, Diane Self specifically asked the Gooch Defendants to procure for her, an automobile insurance policy that named her as the primary named insured and provides bodily injury, property damage, collision, and comprehensive liability insurance in connection with the authorized use of the Covered Auto by herself, David Self and/or Dillon Self.

16.     Plaintiffs notified the Gooch Defendants that Dillon Self was living at a temporary residence and, therefore, he had a temporary mailing address that was different from her own.

17.     Plaintiffs further notified the Gooch Defendants that Diane Self's personal mailing address was 1237 County Street 2951, Tuttle, OK 73089.

18.     The Gooch Defendants made a record of Diane Self's personal mailing address in Plaintiffs' customer file.

19.     Plaintiffs also advised the Gooch Defendants that Dillon Self's temporary mailing address was 159 N 1st St., Harrah Oklahoma, 73045.

20.     The Gooch Defendants recorded and included Dillon Self's temporary mailing address in Plaintiffs' customer file.

21.     Plaintiffs specifically asked the Gooch Defendants to make sure that all mailings and notices concerning the automobile insurance policy would be mailed to the address of Diane Self, the primary insured.

22.     The Gooch Defendants promised that they would procure an insurance policy as Plaintiffs requested and promised to take all reasonable and necessary steps to ensure that any mailings and notices concerning the insurance policy were mailed to Diane Self's mailing address.

23.     In connection with their promise to do so, the Gooch Defendants sold Diane Self, an

"Oklahoma Personal Auto Policy" that:

    a.    was issued by defendants TIC and/or SFIC on policy form no.
        T01OK00 (10-13);

    b.    bears policy no. 992557526 203 1; and

    c.    has a six month coverage term which begins May 5, 2014, and ends
        November 5, 2014.

(the "**Policy**").

24.     A true and correct copy of the Policy is attached hereto as **Exhibit 1.**

25.     Each of the Plaintiffs are an inured pursuant to the terms and conditions of the Policy.

26.     Pursuant to the terms and conditions of the Policy, TIC and/or SFIC promised to

cover, among other liabilities:

    a.    damages for bodily injury or property damage for which an insured
        becomes legally liable because of an auto accident; and

    b.    direct and accidental loss to the Covered Auto caused by a collision.

27.     Although Plaintiff Diane Self was the "named insured" shown in the Automobile

Policy Declarations, form no. PL-50014 (03-12) issued in connection with the Policy (the "**Policy**

**Declarations**"), that document incorrectly listed the temporary mailing address of Dillon Self as

Diane Self's mailing address.

28.     The failure of the Policy Declarations to accurately record and list Diane Self's

mailing address was a direct and proximate result of negligent failure of the Gooch Defendants to

properly record, maintain and correct information relating to Plaintiffs and the Policy.

5

29.     Plaintiffs thereafter contacted the TIC and/or SFIC to advise them that Diane Self's mailing address was incorrectly recorded in Plaintiffs' customer file, and they asked TIC and/or SFIC to update their customer records to reflect the correct mailing address for any future, policy-related mailings and notifications.

30.     Shortly after purchasing the Policy, Dillon Self moved from his temporary residence to a new address.

31.     As a direct and proximate result of the negligence of the Gooch Defendants and TIC, TIC and/or SFIC began sending policy-related mailings and notices to Diane Self, at the incorrect, mailing address.

32.     For instance, as a direct, proximate, and foreseeable result of the Gooch Defendants' and TIC's negligent failure to correct their records, defendants TIC and/or SFIC mailed to Diane Self, a notice dated June 10, 2014, to the Gooch Defendants (the "**Notice**"), to the wrong mailing address.

33.     A true and correct copy of the Notice is attached hereto as **Exhibit 2**.

34.     Plaintiffs were unaware that TIC and/or SFIC had attempted to mail the Notice to Diane Self until after July 29, 2014.

35.     Unbeknownst to Plaintiffs, the Notice advised the Gooch Defendants that TIC and/or SFIC needed to "speak" with the "customer", *i.e.*, Diane Self, in order to "complete our policy review."

36.     Unbeknownst to Plaintiffs, the Notice further advised the Gooch Defendants that if TIC and/or SFIC was "unable to complete this call before June 23, 2014, we reserve the right to cancel this policy."

6

37.    Although the Gooch Defendants knew or should have known that Plaintiffs had not received the Notice, they negligently failed to advise Plaintiffs that if they did not contact TIC and/or SFIC by June 23, 2014, the Policy may be canceled.

38.    TIC and/or SFIC did not speak to Plaintiffs on or before June 23, 2014, and did not otherwise complete the policy review referenced in the Notice on or before that date.

39.    TIC and/or SFIC did not cancel the Policy on June 23, 2014.

40.    Pursuant to the terms and conditions of the Policy, TIC and/or SFIC could not cancel the Policy after July 4, 2010 because of Plaintiffs' failure to conduct or complete a policy review.

41.    Instead, after July 4, 2014, when the Policy had been in effect for 60 days, TIC and/or SFIC could only cancel the Policy as a result of:

   a.    a failure to pay the policy premium;

   b.    a suspension or revocation of any of Plaintiffs' driver's licenses; and/or

   c.    fraud, misrepresentation, or concealment by Plaintiffs.

42.    All premiums necessary to keep the Policy in full force and effect up, through and until 12:01 A.M, August 4, 2014, were paid and received by TIC and/or SFIC.

43.    On or about July 8, 2014, TIC and/or SFIC received a premium payment from Plaintiffs in the amount of $133.54 through a credit card account that ends with the numbers 2251.

44.    On July 21, 2014, TIC and/or SFIC refunded Plaintiffs a portion of the premium payment they made on July 8, 2014, by issuing them a credit in the amount of $104.10 to a credit card account number ending that ends with the numbers 2251.

45.     Plaintiffs were not aware that TIC and/or SFIC refunded a portion of Plaintiffs' premium payment until after July 29, 2014.

46.     On information and belief, TIC and/or SFIC mailed Diane Self a notice of the $104.10 refund but mailed that notice to the wrong address.

47.     Plaintiffs did not receive the refund notice as a direct, proximate and foreseeable result of the Gooch Defendants' negligent failure to record, process, maintain and correct, information related to the issuance and maintenance of the Policy.

48.     On July 29, 2014, Dillon Self was involved in a vehicular accident and collision while driving the Covered Auto in Pottawatomie County, Oklahoma at or near the intersection of State Highway 9 and Malone Road.

49.     As a result of the vehicular accident and collision, the Covered Auto suffered a total loss of its value, and Dillon Self has incurred legal liability to the other driver involved in the accident for bodily injury and property damage.

50.     On or about July 29, 2014, Plaintiffs submitted to TIC and/or SFIC, a claim under the terms and conditions of the Policy in connection with the vehicular accident.

51.     By letter dated, August 13, 2014, TIC and/or SFIC denied Plaintiffs' claim on the basis that they had previously canceled the Policy on July 10, 2014.

52.     TIC and/or SFIC cancelled the Policy on July 10, 2014, because they had not spoken with Plaintiffs for the purposes of conducting the policy review referenced in the Policy.

53.     TIC and/or SFIC did not cancel the Policy for non-payment of premium.

54.     TIC and/or SFIC did not cancel the Policy because of the suspension or revocation of any of Plaintiffs' drivers licenses.

8

55.     TIC and/or SFIC did not cancel the Policy because of any fraud, misrepresentation, or concealment by Plaintiffs with respect to a material fact relating to the issuance of the Policy.

56.     When TIC and/or SFIC denied Plaintiffs' claim on August 10, 2014, TIC and/or SFIC knew or should have known that they did not have a contractual right to cancel the Policy on July 10, 2014.

57.     For the sole purpose of depriving Plaintiffs of the benefit of the insurance coverages they bargained to receive when they purchased the Policy, TIC and/or SFIC denied Plaintiffs' claim even though they knew or should have known they did not have a contractual right to do so.

58.     If, however, TIC and/or SFIC had the right to cancel the Policy on July 10, 2014, that cancellation would have been avoided but for the Gooch Defendants' negligent failure to record, maintain and/or correct, the accurate mailing address of the Policy's named insured, Diane Self.

59.     Plaintiffs have sustained damage, loss, emotional distress, and financial embarrassment as a direct and proximate result of Defendants' conduct alleged herein.

60.     Defendants have acted has acted intentionally and with malice towards Plaintiffs and have been guilty of reckless disregard for the rights of Plaintiffs.

## IV.
## THEORIES OF RECOVERY

### A.
#### FIRST CLAIM
#### BREACH OF CONTRACT AGAINST TIC AND/OR SFIC

Plaintiffs incorporate all of their prior allegations by reference.

61.     TIC and/or SFIC have arbitrarily and capriciously breached the insurance contract by cancelling the Policy when they knew or should have known they did not have a contractual right to do so.

62.     As a result of TIC and/or SFIC's breach of the insurance contract, Plaintiffs have been injured and damaged and are entitled to recover damages from TIC and/or SFIC.

WHEREFORE, Plaintiff prays for judgment against TIC and/or SFIC on its First Claim for the following relief:

a.      Compensatory damages against TIC and/or SFIC in an amount in excess of $75,000.00, including but not limited to, unpaid benefits and contractual interest on benefits owed;

b.      Prejudgment and post judgment interest;

c.      Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

d.      Such other and further relief as the Court deems appropriate under the circumstances presented.

**B.**
**SECOND CLAIM**
**BAD FAITH AGAINST TIC AND/OR SFIC**

Plaintiffs incorporate all of their prior allegations here by reference.

63.     TIC and/or SFIC have knowingly and intentionally handled the administration of

Plaintiffs' Policy as a matter of routine business practice in handling like claims under like policies.

64.     TIC and/or SFIC have intentionally and wrongfully cancelled the Policy even though

they knew doing so was contrary to the terms of the Policy and in violation of applicable law.

65.     This wrongful cancellation constitutes a breach of TIC and/or SFIC's duty to deal

fairly and act in good faith toward Plaintiffs because TIC and/or SFIC knew or should have known

that they did not have a contractual right to cancel the Policy on July 10, 2014 and that doing so was

in violation of applicable law.

66.     As a proximate result of TIC and/or SFIC's breach of its duty of good faith and fair

dealing, Plaintiffs have suffered aggregate damages and other losses in excess of $75,000.00, in the

form of policy benefits, financial hardship, attorney expenses and other incidental damages.

67.     TIC and/or SFIC have acted intentionally and with malice toward Plaintiffs and have

been guilty of reckless disregard for the rights of Plaintiffs, entitling them to punitive damages.

WHEREFORE, Plaintiff prays for the following relief against TIC and/or SFIC:

a.      Compensatory damages against TIC and/or SFIC in an amount in excess of
        $75,000.00, including but not limited to unpaid benefits and contractual
        interest on benefits owed;

b.      Punitive damages;

c.      Prejudgment and post-judgment interest on all damages;

d.      Costs, including but not limited to court costs, expert fees, attorney's fees
        and expenses; and

e.      All further relief as the Court deems appropriate under the circumstances
        presented.

11

## C.
### THIRD CLAIM
### BREACH OF CONTRACT AGAINST GOOCH DEFENDANTS

Plaintiffs incorporate all of their prior allegations here by reference.

68.   The Gooch Defendants have breached its contract with Plaintiffs by failing to procure

an insurance policy with the terms, benefits, coverages requested by Plaintiffs.

69.   As a result of the Gooch Defendants' breach of its contract with Plaintiffs, Plaintiffs

have been injured and damaged and are entitled to recover those damages from the Gooch

Defendants.

WHEREFORE, Plaintiffs pray for judgment against the Gooch Defendants on their Third

Claim for the following relief:

    a.    Compensatory damages against the Gooch Defendants in an amount in excess of $75,000.00;

    b.    Prejudgment and post judgment interest;

    c.    Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

    d.    Such other and further relief as the Court deems appropriate under the circumstances presented.

**D.**
**FOURTH CLAIM**
**NEGLIGENCE AGAINST GOOCH DEFENDANTS**

Plaintiff incorporates all of its prior allegations here by reference.

70.     Based upon its relationship to Plaintiffs as Plaintiffs' insurance professional, the Gooch Defendants owed a duty to Plaintiffs to procure automobile insurance coverage in accordance with Plaintiffs' express wishes and to take the necessary steps to ensure that any mailings and notices concerning the insurance policy were mailed to Diane Self's mailing address.

71.     The Gooch Defendants negligently failed to properly record, maintain and correct information relating to Plaintiffs and the Policy.

72.     As a result of Gooch Defendants' breach of its duties to Plaintiffs, Plaintiffs have been injured and damaged and is entitled to recover those damages from the Gooch Defendants.

WHEREFORE, Plaintiffs pray for judgment against the Gooch Defendants on their Fourth Claim for the following relief:

a.      Compensatory damages against Gooch Defendants in an amount in excess of $75,000.00;

b.      Punitive damages;

c.      Prejudgment and post judgment interest;

d.      Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

e.      Such other and further relief as the Court deems appropriate under the circumstances presented.

13

## V.
## PRAYER

WHEREFORE, Plaintiffs pray that they be awarded judgment against Defendants and be awarded actual and compensatory damages, together with costs, pre- and post-judgment interest, punitive damages, and attorney's fees, costs, and any other relief as may be appropriate.

Respectfully submitted,

Tony Gould, OBA# 18564
Brandon D. Kemp, OBA #31611
BROWN & GOULD, PLLC
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone:     (405) 235-4500
Facsimile:     (405) 235-4507
Email: tgould@browngouldlaw.com

ATTORNEYS FOR PLAINTIFFS

14

1



**Effective: 05/05/2014**                                                    T01OK00 (10-13)

## OKLAHOMA PERSONAL AUTO POLICY

### YOUR PERSONAL AUTO POLICY QUICK REFERENCE

**DECLARATIONS PAGE**
**Your Name and Address**
**Your Auto or Trailer**
**Policy Period**
**Coverages and Amounts of Insurance**

|  | Beginning on Page |
|---|---|
| **GENERAL PROVISIONS SECTION** | |
| AGREEMENT | GP-1 |
| GENERAL DEFINITIONS | GP-1 |
| DUTIES AFTER AN ACCIDENT OR LOSS | GP-2 |
| GENERAL CONDITIONS | GP-3 |
| Bankruptcy | GP-3 |
| Changes | GP-3 |
| Fraud | GP-3 |
| Legal Action Against Us | GP-3 |
| Our Right To Recover Payment | GP-3 |
| Policy Period And Territory | GP-4 |
| Transfer Of Your Interest In This Policy | GP-4 |
| Two Or More Policies Issued To You | GP-4 |
| Termination | GP-4 |
| **LIABILITY COVERAGE SECTION** | |
| **Coverage A – Bodily Injury** | |
| **Coverage B – Property Damage** | |
| Insuring Agreement | L-1 |
| Supplementary Payments | L-1 |
| Exclusions | L-1 |
| Limit Of Liability | L-2 |
| Out Of State Coverage | L-3 |
| Financial Responsibility | L-3 |
| Other Insurance | L-3 |
| **DAMAGE TO YOUR AUTO COVERAGE SECTION** | |
| **Coverage E – Collision** | |
| **Coverage F – Comprehensive** | |
| **Coverage G – Custom Equipment – Increased Limit** | |
| INSURING AGREEMENT | PD-1 |
| ADDITIONAL COVERAGES | |
| A. Airbag Replacement | PD-2 |
| B. Child Safety Seat | PD-2 |
| C. Custom Equipment | PD-2 |
| D. Transportation Expenses | PD-2 |
| OPTIONAL COVERAGE | |
| Coverage G – Custom Equipment – Increased Limit | PD-2 |
| EXCLUSIONS | PD-3 |

T01OK00 (10-13)                                                          Page 1 of 2

© The Travelers Indemnity Company. All rights reserved.


EXHIBIT
1

Effective: 05/05/2014                                               T01OK00 (10-13)

LIMIT OF LIABILITY ................................................................................ PD-4
PAYMENT OF LOSS ............................................................................... PD-4
NO BENEFIT TO BAILEE ........................................................................ PD-4
OTHER SOURCES OF RECOVERY ........................................................ PD-4
APPRAISAL .............................................................................................. PD-4
LOSS PAYABLE CLAUSE ....................................................................... PD-5

SIGNATURE PAGE ................................................................................. S-1

© The Travelers Indemnity Company. All rights reserved.

**TRAVELERS J**

## Automobile Policy Declarations

### 1. Named Insured

DIANNE SELF
1569 N 1ST ST
HARRAH, OK 73045-9709

### Your Agency's Name and Address

PACIFIC CREST SRVCS INC
450 W STATE ST STE 215
EAGLE, ID 83616

| | | | |
|---|---|---|---|
| Your Auto Policy Number | 992557526 203 1 | For Policy Service | 1-888-938-4197 |
| Your Account Number | | For Claim Service | 1-800-252-4633 |

### 2. Premium

Your Total Premium for the Policy Period is $699.
The policy period is from May 5, 2014 to November 5, 2014 12:01 A.M. STANDARD TIME at your address shown in Item 1.

### 3. Your Vehicles

1. 2014 KIA FORTE KOUP

### Identification Numbers

KNAFX6A8XE5217205

### 4. Coverages, Limits of Liability and Premiums

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

|  | VEHICLE 1 |
|---|---|
|  | 14 KIA FORTE KOUP |
| **A. Bodily Injury**<br>$25,000 each person<br>$50,000 each accident | $168 |
| **B. Property Damage**<br>$25,000 each accident | $120 |
| **E. Collision**<br>Actual Cash Value less<br>$1,000 deductible | $269 |
| **F. Comprehensive**<br>Actual Cash Value less<br>$1,000 deductible | $142 |
| Subtotal for your vehicle(s): | $699 |

*$500.00 Deduct, ble* (handwritten)

| **Total Premium for this Policy:** | **$699** |

This is not a bill. You will be billed separately for this transaction.

PL-50014 (03-12)
4720CPM15

Page 1 of 2



## 5. Information Used to Rate Your Policy

**Discounts**

Safe Driver Discount
  5 Years Accident and Violation Free
Good Payer Discount
Continuous Insurance Discount
Early Quote Discount
New Car Discount                              14 KIA

| Your Total Savings Reflected in Your Total Premium: | $523 |
|---|---|

| Drivers | Date of Birth | Gender | Marital Status | License Status |
|---|---|---|---|---|
| 1.  DIANNE | 09-21-1953 | Female | Single | Licensed |
| 2.  DILLON | 12-19-1992 | Male | Single | Licensed |

| Vehicles | Use of Vehicle | Location of Vehicle |
|---|---|---|
| 1.  14 KIA FORTE KOUP | Commute | TUTTLE, OK |

If any of the information above is incorrect or has changed, please notify your Travelers representative immediately.

## 6. Other Information

**Your Insurer**

THE STANDARD FIRE INSURANCE COMPANY
ONE TOWER SQUARE, HARTFORD, CT 06183

**Policy Coverage Sections and Endorsements That Form a Part of This Policy:**

| G01OK00 (10-13) | General Provisions Section |
| L01OK00 (10-13) | Liability Coverage Section |
| P01CW01 (10-13) | Damage To Your Auto Coverage Section |
| S01CW01 (10-13) | Signature Page |

Issued on 05/05/2014

Countersignature: _____

## FOR YOUR INFORMATION

For information about how Travelers compensates independent agents and brokers, please visit
www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy
from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.

FRAUD WARNING

WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim
for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a
felony.

G01OK00 (10-13)

# OKLAHOMA PERSONAL AUTO POLICY

**Travelers Companies**
Hartford, Connecticut
(Each a Stock Insurance Company)

## GENERAL PROVISIONS SECTION

**Unless otherwise stated, the provisions in this General Provisions Section apply to all Coverage Sections and endorsements of this policy.**

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages you have selected. These are shown by premium entries in the Declarations. The Declarations is a part of this policy.

## GENERAL DEFINITIONS

Throughout this policy:

A. "You" and "your" refer to:
   1. The "named insured" shown in the Declarations; and
   2. The spouse if a resident of the same household.
      The term spouse includes, if a resident of the same household:
      a. The civil partner of the "named insured", provided such civil union was obtained in a state where a civil union is legally recognized; or
      b. The "domestic partner" of the "named insured".

   If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
      a. The end of 90 days following the spouse's change of residency;
      b. The effective date of another policy listing the spouse as a named insured; or
      c. The end of the policy period.

B. "We", "us" and "our" refer to the member company of Travelers providing this insurance and shown as the insurer in Item 6 of the Declarations.

C. We consider a private passenger auto, sport utility vehicle, pickup or van to be owned by a person if leased:
   1. Under a written agreement to that person; and
   2. For a continuous period of at least 6 months.

D. "Minimum limits" refers to the following limits of liability as required by Oklahoma law, to be pro-

vided under a policy of automobile liability insurance:
   1. $25,000 for each person, subject to $50,000 for each accident with respect to "bodily injury"; and
   2. $25,000 for each accident with respect to "property damage".

Other words and phrases are defined. They are in quotation marks when used.

E. "Bodily injury" means bodily harm, sickness or disease, including death that results.

F. "Business" includes trade, profession or occupation.

G. "Domestic partner" means a person who is in a continuing spouse-like relationship with a named insured for the purpose of a domestic life. Both persons must be 18 years of age or older and may not be related to each other by blood. Neither may be married to another person, or be a "domestic partner" or partner by civil union of any other person.

H. "Newly acquired auto":
   1. "Newly acquired auto" means any of the following types of vehicles of which you become the owner during the policy period:
      a. A private passenger auto or sport utility vehicle; or
      b. A pickup or van, for which no other insurance policy provides coverage, that:
         (1) Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and
         (2) Is not used for the delivery or transportation of goods and materials unless such use is:

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of insurance Services Office, Inc. with its permission.

G01OK00 (10-13)

(a) Incidental to your "business" of installing, maintaining or repairing furnishings and equipment; or
(b) For farming or ranching.
2. Coverage for a "newly acquired auto" is provided as described in 3.a. and 3.b. below. If you ask us to insure a "newly acquired auto" after a specified time period described below has elapsed, any coverage we provide for that "newly acquired auto" will begin at the time you request the coverage and you will not have coverage for the elapsed period of time.
3. Coverage for a "newly acquired auto" depends on whether the vehicle is in addition to or replaces a vehicle shown in the Declarations.
   a. A "newly acquired auto" which is in addition to any vehicle shown in the Declarations will have the broadest coverage we provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for coverage to apply you must ask us to insure it within 30 days after you become the owner.
   b. If a "newly acquired auto" replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced without your having to ask us to insure it. However, you must ask us to insure a replacement vehicle within 30 days if:
      (1) You wish to add or continue any coverage provided in the Damage To Your Auto Coverage Section; or
      (2) It is a pickup or van used in any "business" other than farming or ranching.

I. "Occupying" means:
   1. In;
   2. Upon; or
   3. Getting in, on, out or off.
J. "Property damage" means physical injury to, destruction of or loss of use of tangible property.
K. "Resident relative" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child. Your unmarried dependent children, wards, and foster children while temporarily away from home will be considered residents if they intend to resume residing in your household.
L. "Trailer" means a vehicle designed to be pulled by a:
   1. Private passenger auto or sport utility vehicle; or
   2. Pickup or van.
   It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.
M. "Your covered auto" means:
   1. Any vehicle shown in the Declarations.
   2. A "newly acquired auto".
   3. Any "trailer" you own.
   4. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
      a. Breakdown;
      b. Repair;
      c. Servicing;
      d. Loss; or
      e. Destruction.
   This provision (M.4.) does not apply to the Damage To Your Auto Coverage Section.

## DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.
B. A person seeking any coverage must:
   1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
   2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
   3. Submit, as often as we reasonably require:

   a. To physical exams by physicians we select. We will pay for these exams.
   b. To examination under oath and subscribe the same. We may require such exam under oath:
      (1) From other persons insured under this policy (including a "resident relative").
      (2) Be done separately and outside the presence of any witnesses or persons insured or seeking benefits under this policy.

G01OK00 (10-13)

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

G01OK00 (10-13)

4. Authorize us to obtain:
   a. Medical reports; and
   b. Other pertinent records.
5. Submit a proof of loss when required by us.

**Additional Duties For Uninsured Motorists Coverage**

If Coverage D1 – Uninsured Motorists Coverage is shown in the Declarations, a person seeking coverage must also:
A. Promptly notify the police if a hit-and-run driver is involved.
B. Promptly send us copies of the legal papers if a suit is brought.
C. Give us written notification by certified mail of a tentative settlement between the "insured" and the insurer of the "uninsured motor vehicle" and allow us 60 days to advance payment to that "insured" equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "uninsured motor vehicle".

D. Provide us with written:
   1. Documentation of economic losses, including copies of all medical bills; and
   2. Authorization or a court order for us to obtain reports from all employers and medical providers.

**Additional Duties For Collision And Comprehensive Coverages**

If Coverage E – Collision or Coverage F – Comprehensive is shown in the Declarations, a person seeking coverage must also:
A. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.
B. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.
C. Permit us to inspect and appraise the damaged property before its repair or disposal.

## GENERAL CONDITIONS

**Bankruptcy**

Bankruptcy or insolvency of the "insured" will not relieve us of any obligations under this policy.

**Changes**

A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.
B. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
   1. The number, type or use of insured vehicles;
   2. Operators using insured vehicles;
   3. The place of principal garaging of insured vehicles; or
   4. Coverage, deductible or limits.
   If a change resulting from A. or B. above requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.
C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (C.) does not apply to changes implemented with a general policy revision that includes both broadenings and restrictions in coverage,

whether that general policy revision is implemented through introduction of:
1. A subsequent edition of your policy or any of its Coverage Sections; or
2. An amendatory endorsement.

**Fraud**

We do not provide coverage for any person under this policy who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

**Legal Action Against Us**

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under the Liability Coverage Section, no legal action may be brought against us until:
   1. We agree in writing that the "insured" has an obligation to pay; or
   2. The amount of that obligation has been finally determined by judgment after trial.
B. No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

**Our Right To Recover Payment**

A. If we make a payment under this policy and the person to or for whom payment was made has a

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

00011600006 513485Z1 0120 0505014

G01OK00 (10-13)

right to recover damages from another we are subrogated to that right. That person must do:

1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.

However, our rights in this Paragraph (A.) do not apply under the Damage To Your Auto Coverage Section, against any person using "your covered auto" with a reasonable belief that such person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person must:
   1. Hold in trust for us the proceeds of the recovery; and
   2. Reimburse us to the extent of our payment.

C. This provision does not apply to payments made to or for you or any "resident relative" under the Medical Payments Coverage Section.

## Policy Period And Territory

A. This policy applies only to accidents and losses which occur:
   1. During the policy period shown in the Declarations; and
   2. Within the policy territory.

B. The policy territory is:
   1. The United States of America, its territories or possessions;
   2. Puerto Rico; or
   3. Canada.

This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

## Transfer Of Your Interest In This Policy

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
   1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
   2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

B. Coverage will only be provided until the end of the policy period.

## Two Or More Policies Issued To You

If this policy and any other auto insurance policy issued to you by us or any of our personal insurance affiliates apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

## Termination

A. Cancellation
   This policy may be cancelled during the policy period as follows:
   1. The named insured shown in the Declarations may cancel by:
      a. Returning this policy to us; or
      b. Giving us advance written notice of the date cancellation is to take effect.

      We may accept another form of notice from the named insured. If there is more than one person shown as named insured in the Declarations, any named insured may cancel this policy. The cancellation by one named insured will be binding on any other named insured.

   2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
      a. At least 10 days notice:
         (1) If cancellation is for nonpayment of premium; or
         (2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
      b. At least 20 days notice in all other cases.

   3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:
      a. For nonpayment of premium; or
      b. If your driver's license or that of:
         (1) Any driver who lives with you; or
         (2) Any driver who customarily uses "your covered auto";
         has been suspended or revoked.
         This must have occurred:
         (1) During the policy period; or
         (2) Since the last anniversary of the original effective date if the policy period is other than 1 year; or
      c. For fraud, misrepresentation or concealment:
         (1) By you with respect to a material fact relating to the issuance of this policy or any renewal or continuation; or
         (2) By you or any "resident relative" in making or settling a claim under this policy.

G01OK00 (10-13)

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

G01OK00 (10-13)

4.  Nonpayment of premium means the failure to pay any premium or premium installment or any other financial obligation when due.

B.  **Nonrenewal**

We have the right to not renew or continue this policy at the end of the policy period shown in the Declarations. If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period.

C.  **Automatic Termination**

1.  If we offer to renew or continue your policy for another policy period and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due means that you have not accepted our offer.

2.  If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D.  **Other Termination Provisions**

1.  If the law in effect in your state at the time this policy is issued or continued:
    a.  Requires a longer notice period;
    b.  Requires a special form of or procedure for giving notice; or
    c.  Modifies any of the stated termination reasons;
    we will comply with those requirements.

2.  We may deliver any notice instead of mailing it. Proof of mailing of any notice will be sufficient proof of notice.

3.  If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

4.  The effective date of cancellation stated in the notice will become the end of the policy period.

**G01OK00 (10-13)**

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

L01OK00 (10-13)

## LIABILITY COVERAGE SECTION
## Coverage A – Bodily Injury
## Coverage B – Property Damage

**Insuring Agreement**

A. Liability insurance is provided in this policy in accordance with coverage required by the Compulsory Insurance Law of Oklahoma.

B. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured".

We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for these coverages has been exhausted by payment of judgments or settlements.

We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

C. "Insured" as used in this Coverage Section means:

1. You or any "resident relative" for the ownership, maintenance or use of any auto or "trailer".
2. Any person using "your covered auto".
3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Coverage Section.
4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "resident relative" for whom coverage is afforded under this Coverage Section. This provision (4.) applies only if the person or organization does not own or hire the auto or "trailer".

"Insured" does not include:

1. The United States of America or any of its agencies.
2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to

defend that person in any civil action which may be brought for the "bodily injury" or "property damage".

**Supplementary Payments**

In addition to our limit of liability, we will pay on behalf of an "insured":

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.
2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for these coverages.
4. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
5. Other reasonable expenses incurred at our request.

**Exclusions**

A. We do not provide Liability Coverage for any "insured":

1. Who intentionally causes "bodily injury" or "property damage".
2. For "property damage" to property owned or being transported by that "insured".
3. For "property damage" to property:
   a. Rented to;
   b. Used by; or
   c. In the care of;
   that "insured".
   This Exclusion (A.3.) does not apply to "property damage" to a residence or private garage.
4. For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This Exclusion (A.5.) does not apply to a vehicle used for a:

0001180000065 51348E21 8120 05/05/14

L01OK00 (10-13)

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

**Page L-1**

L01OK00 (10-13)

a. Share-the-expense car pool;
b. Charitable purpose; or
c. Volunteer purpose.
6. While employed or otherwise engaged in the "business" of:
   a. Selling;
   b. Repairing;
   c. Servicing;
   d. Storing; or
   e. Parking;
   vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:
   a. You;
   b. Any "resident relative"; or
   c. Any partner, agent or employee of you or any "resident relative".
7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6.
   This Exclusion (A.7.) does not apply to the maintenance or use of a:
   a. Private passenger auto or sport utility vehicle;
   b. Pickup or van with a Gross Vehicle Weight Rating of 10,000 lbs. or less; or
   c. "Trailer" used with a vehicle described in a. or b. above.
8. Using a vehicle without a reasonable belief that such "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "resident relative" using "your covered auto" which is owned by you.
9. For "bodily injury" or "property damage" for which that "insured":
   a. Is an insured under a nuclear energy liability policy; or
   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.
   A nuclear energy liability policy is a policy issued by any of the following or their successors:
   a. Nuclear Energy Liability Insurance Association;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.
10. For "bodily injury" to you or any "resident relative" to the extent that the limits of liability for this coverage exceed the minimum limits of liability required by the Compulsory Insurance Law of Oklahoma.
B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:
   a. Has fewer than four wheels; or
   b. Is designed mainly for use off public roads.
   This Exclusion (B.1.) does not apply:
   a. While such vehicle is being used by an "insured" in a medical emergency;
   b. To any "trailer"; or
   c. To any non-owned golf cart.
2. Any vehicle, other than "your covered auto", which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.
3. Any vehicle, other than "your covered auto", which is:
   a. Owned by any "resident relative"; or
   b. Furnished or available for the regular use of any "resident relative".
   However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:
   a. Owned by a "resident relative"; or
   b. Furnished or available for the regular use of a "resident relative".
4. Any vehicle while participating or competing in, or practicing or preparing for, any prearranged or organized:
   a. Racing contest, meet or rally, whether against another vehicle or against time;
   b. Demolition contest;
   c. Stunting activity; or
   d. High performance driving or racing instruction course or school.
   This Exclusion (B.4.) applies only while the vehicle is at a location, whether temporary or permanent, established for any of the activities listed above.
5. "Your covered auto" during a period it is rented or leased to others. However, this Exclusion (B.5.) does not apply to the operation of "your covered auto" by you or a "resident relative".

**Limit Of Liability**

A. Split Limits
   If the Declarations shows separate limits of liability for Coverage A and Coverage B:
   The limit of liability shown in the Declarations for each person for Coverage A is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident.
   Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Coverage A is our maximum limit of liability for

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

L01OK00 (10-13)

all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Coverage B is our maximum limit of liability for all "property damage" resulting from any one auto accident.

These limits are the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. Single Limit
1. If the Declarations shows a single limit of liability for Coverage A and Coverage B combined:

   The limit of liability shown is our maximum limit of liability for all damages arising out of "bodily injury" and "property damage" resulting from any one auto accident.

   This is the most we will pay regardless of the number of:
   a. "Insureds";
   b. Claims made;
   c. Vehicles or premiums shown in the Declarations; or
   d. Vehicles involved in the auto accident.
2. We will apply the limit of liability to provide any separate minimum limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Section and:
1. Any other Coverage Section or part of this policy; or
2. Any other personal auto policy issued to you by us or any of our affiliates.

However, this paragraph (C.) does not apply to you or any "resident relative" with respect to payments for the same elements of loss under this coverage and the Medical Payments Coverage Section of this policy.

**Out Of State Coverage**

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:
1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, this policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, this policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

**Financial Responsibility**

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

**Other Insurance**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", will be excess over any other collectible insurance unless such vehicle is owned by someone who is an authorized motor vehicle dealer. If this occurs and the accident arises out of the operation of such vehicle by you or a "resident relative" who is neither the owner nor an employee of the owner of such vehicle, we will provide primary insurance, provided:

1. The person operating the vehicle has a reasonable belief that the person is entitled to do so; and
2. The change in financial responsibility is evidenced by a release signed by the person operating the vehicle; and
3. No fee or lease charge has been made by the dealer for the use of the vehicle.

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case 5:15-cv-00351-HE Document 1-1 Filed 04/03/15 Page 30 of 39

P01CW01 (10-13)

# DAMAGE TO YOUR AUTO COVERAGE SECTION
## Coverage E – Collision
## Coverage F – Comprehensive
## Coverage G – Custom Equipment - Increased Limit

**INSURING AGREEMENT**
**Coverage E – Collision**
**Coverage F – Comprehensive**

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss caused by:
1. "Collision" only if the Declarations indicates that Coverage E – Collision is provided for that auto. Under this coverage, we will not pay for losses that are covered under Coverage F – Comprehensive.
2. "Comprehensive" only if the Declarations indicates that Coverage F – Comprehensive is provided for that auto.

If losses to more than one "your covered auto" result from the same "collision", only one deductible amount will apply. If the deductible amount differs for each auto involved in the accident, then only the highest deductible will apply.

We will not subtract any deductible for the amount we will pay for a loss to:
1. Any "non-owned auto" caused by "collision" or "comprehensive".
2. "Your covered auto" caused by "collision" with a vehicle not owned by you or a "resident relative" but insured by us or any of our affiliated companies under a personal auto policy.

If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. As used in this Coverage Section:
1. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.
2. "Comprehensive" means loss to "your covered auto" or a "non-owned auto" not caused by "collision". Losses caused by the following are not "collision" losses but are "comprehensive" losses:
   a. Missiles or falling objects;
   b. Fire;
   c. Theft or larceny;
   d. Explosion or earthquake;

   e. Windstorm;
   f. Hail, water or flood;
   g. Malicious mischief or vandalism;
   h. Riot or civil commotion;
   i. Contact with bird or animal; or
   j. Breakage of glass.
   If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".
3. "Custom equipment" means any permanently attached or installed:
   a. Furnishings, mechanical or electrical parts, equipment, devices, accessories, murals, graphics, non-standard paint, enhancements or changes that alter the appearance or performance of any private passenger auto, sport utility vehicle, pickup or van; or
   b. Electronic equipment used in any private passenger auto, sport utility vehicle, pickup or van that reproduces, receives or transmits audio, visual or data signals.
   "Custom equipment" does not include:
   a. Vehicle options offered by the original manufacturer specifically for that vehicle model and model year, whether that option is installed with original or non-original parts of like kind and quality;
   b. Equipment installed to make a vehicle handicap accessible; or
   c. A cap, cover or bedliner in or upon a pickup.
4. "Fungi" means any type or form of fungus, including mold or mildew, and any of the following that are produced or released by "fungi":
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. By-products.
5. "Non-owned auto" means:
   a. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "resident relative" while in the custody of or being operated by you or any "resident relative"; or

**P01CW01 (10-13)**

**Page PD-1**

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

0001720000006 5134RE21 8120 05/05/14

b. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:
(1) Breakdown;
(2) Repair;
(3) Servicing;
(4) Loss; or
(5) Destruction.

## ADDITIONAL COVERAGES

Provided there is Coverage E -- Collision or Coverage F -- Comprehensive, as shown in the Declarations for "your covered auto" the following coverages apply.

### A. Airbag Replacement

Under Coverage F -- Comprehensive we will pay to replace or reset an airbag that inflates due to malfunction in "your covered auto". This additional coverage does not apply to a "non-owned auto".

We will only make payment under this additional coverage to the extent the malfunction is not covered by warranty, other service agreement, or any other product recall.

Exclusion 2. of this Coverage Section does not apply to this additional coverage.

No deductible applies to this additional coverage.

### B. Child Safety Seat

In the event of a Coverage E -- Collision or Coverage F -- Comprehensive covered loss where we determine that a child safety seat's integrity is compromised, we will pay up to $500 to replace with like kind and quality the child safety seat, provided it was in "your covered auto" or a "non-owned auto" at the time of the covered loss.

If a covered loss occurs when the child safety seat is in a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

No deductible applies to this additional coverage.

### C. Custom Equipment

We will pay up to $1500 for "custom equipment" and any related labor and installation costs as part of a Coverage E -- Collision or Coverage F --Comprehensive covered loss. Regardless of the amount of "custom equipment" installed on "your covered auto" or a "non-owned auto", this limit is the most we will pay for all damage and any related labor and installation costs for any one covered loss.

If there is a covered loss to "custom equipment" on a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

Exclusion 4. does not apply to the extent coverage is provided under this additional coverage.

This additional coverage is subject to your deductibles.

### D. Transportation Expenses

Under Coverage F -- Comprehensive we will pay for:
1. Reasonable transportation expenses incurred by you in the event of the total theft of "your covered auto"; or
2. Loss of use expenses for which you become legally responsible in the event of the total theft of a "non-owned auto".

We will pay up to $30 per day, to a maximum of $900. These limits are the most we will pay for transportation expenses and loss of use expenses.

We will pay only those expenses incurred during the period:
1. Beginning 48 hours after the theft; and
2. Ending when "your covered auto" or the "non-owned auto" is returned to use, or we offer to pay for its loss.

No deductible applies to this additional coverage.

## OPTIONAL COVERAGE

### Coverage G -- Custom Equipment - Increased Limit

If Coverage G -- Custom Equipment - Increased Limit is shown in the Declarations for a specific "your covered auto", ADDITIONAL COVERAGE -- Custom Equipment is amended for that "your covered auto" as follows:
The limit shown in the Declarations replaces the $1500 limit for "custom equipment".

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

All other provisions and limitations applicable to ADDITIONAL COVERAGE -- Custom Equipment apply.

## EXCLUSIONS

The following exclusions apply to this DAMAGE TO YOUR AUTO COVERAGE SECTION. We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This Exclusion (1.) does not apply to a vehicle used for a:
   a. Share-the-expense car pool;
   b. Charitable purpose; or
   c. Volunteer purpose.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.
   This Exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".
3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to "custom equipment".
5. Loss to any electronic equipment that reproduces, receives, or transmits audio, visual or data signals. This includes:
   a. Radios and stereos;
   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.
   This Exclusion (5.) does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".
6. Loss to tapes, discs, chips, memory cards or any other removable media used to store audio, visual or other data. We also will not pay for loss of or reconstruction of data contained in such devices.

7. Loss to equipment used for the detection or location of, or interference with, speed measuring devices.
8. Loss due to actual or perceived loss in market value or resale value.
9. Loss to "your covered auto" or any "non-owned auto" due to confiscation by governmental or civil authorities. This Exclusion (9.) does not apply to the interests of any loss payee shown in the Declarations for that "your covered auto".
10. Loss to "your covered auto" or any "non-owned auto" which occurs while participating or competing in, or practicing or preparing for any pre-arranged or organized:
    a. Racing contest, meet or rally, whether against another vehicle or against time;
    b. Demolition contest;
    c. Stunting activity; or
    d. High performance driving or racing instruction course or school.
    This Exclusion (10.) applies only while the vehicle is at a location, whether temporary or permanent, established for any of the above purposes.
11. Loss to any "non-owned auto" when used by you or any "resident relative" without a reasonable belief that you or that "resident relative" are entitled to do so.
12. Loss to any "non-owned auto" while being maintained or used by any person while employed or otherwise engaged in the "business" of:
    a. Selling;
    b. Repairing;
    c. Servicing;
    d. Storing; or
    e. Parking;
    vehicles designed for use on public highways. This includes road testing and delivery.
13. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in a "business" not described in Exclusion 12. This Exclusion (13.) does not apply to the maintenance or use by you or any "resident relative" of a "non-owned auto" which is a private passenger auto, sport utility vehicle or "trailer".
14. Loss to:
    a. A "trailer", camper body or motor home which is not shown in the Declarations; or
    b. Facilities or equipment used with any "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
       (1) Cooking, dining, plumbing or refrigeration facilities;
       (2) Awnings or cabanas; or

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

P01CW01 (10-13)

(3) Any other facilities or equipment used with a "trailer", camper body or motor home.

This Exclusion (14.) does not apply to:

a. A "trailer", and its facilities or equipment, that you do not own; or

b. A "trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, that you:
   (1) Acquire during the policy period; and
   (2) Ask us to insure within 30 days after you become the owner.

15. Loss to "your covered auto" during a period it is rented or leased by you to others. However, this Exclusion (15.) does not apply to the operation of "your covered auto" by you or a "resident relative".

16. Loss to, or loss of use of, a "non-owned auto" rented to:
   a. You; or
   b. Any "resident relative";
if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "resident relative", pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to "your covered auto" or any "non-owned auto" arising out of the actual, alleged or threatened presence, growth or proliferation or spread of "fungi", or for any testing or remediation of "fungi". This Exclusion (17.) does not apply if the "fungi" are the direct result of a loss payable under either Coverage E – Collision or Coverage F – Comprehensive, and such coverage is provided under this policy.

18. The cost to re-code or replace locks in the event a key or electronic control pad associated with such locks is lost or stolen.

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:
   1. Actual cash value of the stolen or damaged property at the time of loss. An adjustment for depreciation and physical condition will be made in determining actual cash value; or
   2. Amount necessary to repair or replace stolen or damaged parts or equipment of the functionally equivalent design and material necessary to restore the vehicle to its preloss physical condition at the time of loss. If we pay to replace a part or parts, we have the option to pay for new, used, reconditioned or remanufactured:

   a. Original equipment manufacturer replacement parts or equipment; or
   b. Non-original equipment manufacturer replacement parts or equipment.

However, the most we will pay for loss to any "non-owned auto" which is a "trailer", including its facilities and equipment, is $2000.

B. If a repair or replacement results in better than like kind and quality, we will not pay for the amount of the betterment.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Section and:
   1. Any other Coverage Section or part of this policy; or
   2. Any other personal auto policy issued to you by us or any of our affiliates.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
1. You; or
2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

Subject to the Loss Payable Clause, we may, at our option, make payment to one or more of the following:
1. You;
2. The owner; or
3. On your behalf, the repairer.

## NO BENEFIT TO BAILEE

This insurance will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss to "your covered auto", we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, any insurance we provide with respect to a "non-owned auto" will be excess over any other collectible sources of recovery including, but not limited to:
1. Any coverage provided by the owner of the "non-owned auto";

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

P01CW01 (10-13)

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

## APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser within 20 days after receiving the written request from the other. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

## LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of "your covered auto". However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. We will mail the loss payee written notice at least 10 days before the effective date of cancellation.

When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

**P01CW01 (10-13)**

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

**Page PD-5**

S01CW01 (10-13)

## SIGNATURE PAGE

This policy is signed for the member company of Travelers which is the insurer under this policy.

*Wendy C. Skjerven*

Wendy C. Skjerven
Corporate Secretary

*Gregory C. Toczydlowski*

Gregory C. Toczydlowski
President
Personal Insurance

S01CW01 (10-13)

S-1

© 2012 The Travelers Indemnity Company. All rights reserved.

2

**TRAVELERS** 
Travelers Business Center
PO Box 6050
Glens Falls, NY 12801-6050

Phone:  1-866-873-8672
Fax:      1-866-642-8218
           travelerswt@travelers.com

June 10, 2014

0CPM15
PACIFIC CREST SRVCS INC
450 W STATE ST STE 215
EAGLE ID 83616

RE: Policy Number: 992557526 203 1
The Standard Fire Insurance Company
DIANE SELF
1569 N 1ST ST
HARRAH OK 73045-9709

Agent Code:    0CPM15
Agent Name:    PACIFIC CREST SRVCS INC

**IMPORTANT: Your action is needed**

Dear Agent:

Thank you for placing your customer's policy with Travelers. We need to speak to your customer to complete our policy review, but have been unable to contact them after several attempts.

**We need your assistance with having your customer call us directly at 1-866-873-8672.**

We value your business and appreciate your support. Thanks again for choosing Travelers.

Best Regards,

Travelers

**If we are unable to complete this call before June 23, 2014, we reserve the right to cancel this policy.**

Si somos incapaces de completar esta llamada antes June 23, 2014, reservamos el derecho a cancelar esta póliza de seguros.

**Please call during these hours:**
Monday – Friday 8:30 a.m. to 11:00 p.m. EST
Saturday 8:30 a.m. to 5:00 p.m. EST

EXHIBIT
**2**

Page 1 of 1