# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANE SELF, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. CIV-15-0351-HE |
| | ) | |
| TRAVELERS INDEMNITY COMPANY, | ) | |
| a foreign corporation, and STANDARD | ) | |
| FIRE INSURANCE COMPANY, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Diane Self, David Self, and their son Dillon Self assert claims for breach of contract and breach of the duty of good faith and fair dealing against defendants Travelers Indemnity Company ("TIC") and Standard Fire Insurance Company ("SFIC") [Doc. #1, Ex. 5]. Plaintiffs have moved for partial summary judgment on the contract claim against defendant SFIC only.[1]

A court must grant a motion for summary judgment if the movant shows (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56. A fact is material "if it might affect the outcome of the suit." Bennett v. Windstream Commc'ns, 792 F.3d 1261, 1265 (10th Cir. 2015).

These facts appear to be undisputed. Plaintiff Diane Self ("Diane") bought a car for

---

[1]The policy involved here is on what appears to be a Travelers form, but which references SFIC as the insurer. Defendants apparently contend that only SFIC is potentially liable on the policy. Plaintiffs have not abandoned their claim against Travelers, indicating they are exploring the relationship with Travelers in discovery, but have moved for judgment here only as to SFIC.

use by her son Dillon and obtained an auto insurance policy from SFIC covering the car. Under the terms of the policy, coverage commenced on May 5, 2014. Upon issuance of the policy, SFIC undertook efforts to conduct with plaintiffs what it called a "policy review" and eventually indicated the policy would be cancelled unless the review occurred by a certain date.[2] SFIC sent notices to that effect to plaintiffs at the address listed on the policy and to plaintiffs' insurance agent but, due to various circumstances, plaintiffs did not contact SFIC by the indicated date and the policy review did not occur.

On June 25, 2014, 51 days into the policy period, SFIC sent a Notice of Cancellation ("Notice") to Diane at the address listed on the policy. The Notice stated that "your Auto policy . . . is canceled in accordance with its terms effective on the date indicated above . . . ." It went on to state that, due to plaintiffs' non-response, "your policy will be cancelled on the date shown above" and that reinstatement was possible if plaintiffs contacted the insurer and still met eligibility standards.[3] The Notice identified the "Effective Date of Cancellation" as July 10, 2014. That date was 66 days after the policy's commencement date.

On July 29, 2014, plaintiff Dillon Self was involved in a collision while driving the insured vehicle. Plaintiffs submitted a claim to SFIC based on that accident. SFIC denied the claim on the basis the policy had been cancelled and was not in force at the time of the

---

[2]*SFIC indicates a policy review is for the purpose of verifying policy information for underwriting purposes.*

[3]*There is no suggestion here that plaintiffs contacted SFIC or otherwise sought reinstatement by July 10.*

accident. This suit followed.

Plaintiffs assert that SFIC was not entitled to cancel the policy because the effective date of the cancellation was outside the policy's 60-day window permitting cancellation for any reason and that none of the conditions which might have permitted cancellation outside the 60-day period were present here. SFIC argues the cancellation was effective on the date the notice was given, which occurred within the 60-day period. Resolution of the question turns on interpretation of the cancellation provisions of the insurance policy.

Under Oklahoma law, "interpretation of an insurance policy, including whether the policy is ambiguous, is a matter of law." VBF, Inc. v. Chubb Grp of Ins. Cos., 263 F.3d 1226, 1230–31 (10th Cir. 2001) (citing Max True Plastering Co. v. U.S. Fid. & Guar. Co., 912 P.2d 861 (Okla. 1996)). An unambiguous policy must be interpreted according to the plain language in the policy, but an ambiguous policy can be construed in more than one way. *Id.* The construction of an ambiguous policy term can be "neither forced nor strained," nor dependent on taking a term out of context of the policy as a whole. Porter v. Okla. Farm Bureau Mut. Ins. Co., 330 P.3d 511, 515 (Okla. 2014). A court must read a contract "so as to give effect to every part, if reasonably practicable," and use each clause to help interpret the others. *Id.* (quoting 15 Okla. Stat. § 157). And because insurance policies are contracts of adhesion, ambiguous terms are interpreted against the party drafting the policy. *Id.*

Applying these principles, the court concludes the insurance policy is unambiguous and that, based on the policy's terms, SFIC's notice of cancellation was effective to cancel the policy within the 60-day period.

The relevant cancellation provisions of the insurance policy are as follows:

This policy may be cancelled during the policy period as follows:
. . . .
2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
   a. At least 10 days notice:
      (1) If cancellation is for nonpayment of premium; or
      (2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
   b. At least 20 days notice in all other cases.
3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:
   a. For nonpayment of premium; or
   b. If your driver's license or that of:
      (1) Any driver who lives with you; or
      (2) Any driver who customarily uses "your covered auto"; has been suspended or revoked . . . .
   c. For fraud, misrepresentation or concealment . . . .

The determinative language is in paragraph 2. As applicable here, the language provides that cancellation is effected by giving at least 10 days notice "[i]f notice <u>is mailed during the first 60 days this policy is in effect</u> . . . ." (emphasis added). It is undisputed that SFIC mailed the notice of cancellation within that 60-day period.

Plaintiffs' argument to the contrary, based on paragraph 3, is unpersuasive. They argue the policy here was in effect after the 60th day, due to the delayed effective date. However, that construction ignores the policy's focus on the time of mailing the notice and effectively reads out of the contract its express authorization of mailing the notice within the first 60 days. As noted above, a contract must be construed so as to give effect to all its provisions, where such interpretation would be reasonable. 15 Okla. Stat. § 157. The court

4

concludes that the notice of cancellation involved here, having been mailed within the pertinent 60-day time frame, was effective to cancel the contract prior to the date of the auto accident involved.[4]

For the reasons indicated, plaintiffs' motion for partial summary judgment [Doc. #16] is **DENIED**. It appears likely that the same grounds as warrant denial of plaintiffs' motion would warrant the entry of judgment in favor of SFIC on the contract claim. However, as the parties' submissions have not explicitly addressed that question, the court defers any determination in that regard and as to the impact of this determination on the bad faith claim. Plaintiffs' claims against Travelers, if any, remain for resolution. The parties are directed to confer and to advise the court within **fourteen (14) days**, by a joint filing setting out their respective positions as to what claims or issues remain for resolution.

The parties have also moved for extension of the scheduling order, premised largely on deferring intensive case preparation until plaintiffs' summary judgment motion was resolved. As that has now occurred, the motion [Doc. #21] is **GRANTED**, but limited to a **thirty (30) day** extension of deadlines as set forth by separate order.

---

[4]*The parties have cited to a number of cases from other jurisdictions in support of their respective interpretations but, given differences in the circumstances or contract language, none provide definitive guidance as to the question of how this contract should be interpreted.*

**IT IS SO ORDERED**.

Dated this 21st day of September, 2015.

                                                JOE HEATON
                                                UNITED STATES DISTRICT JUDGE