# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANE SELF, an individual; DAVID SELF, an individual; and DILLON SELF, an individual, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-15-351-HE<br>)<br>) |
| TRAVELERS INDEMNITY COMPANY, a foreign corporation; and STANDARD FIRE INSURANCE COMPANY, a foreign corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### THE PARTIES JOINT STATEMENT CONCERNING THE EFFECT OF THE COURT'S SEPTEMBER 21, 2015 ORDER ON PLAINTIFFS' PENDING CLAIMS

Plaintiffs, Diane Self, David Self, and their son Dillon Self (collectively, "**Plaintiffs**"), together with defendants, Travelers Indemnity Company ("**TIC**") and Standard Fire Insurance Company ("**SFIC**") (collectively, "**Defendants**"), for their joint filing made pursuant to the Court's Order of September 21, 2015 [ECF # 22], jointly state as follows:

1. In this bad faith breach of contract action, Plaintiffs' Amended Petition filed before removal of this action (the "**Petition**") [ECF # 1-5], asserts claims of breach of contract and bad faith against SFIC, their alleged auto insurance company, and SFIC's alleged claims administrator, TIC.[1]

---

[1] Plaintiffs' original Petition also asserted claims of breach of contract and negligence against individual defendant Charles Gooch and his professional entity Charles Gooch Insurance, LLC (the "**Gooch Defendants**"). Plaintiffs, however, dismissed the Gooch Defendants without prejudice on March 26, 2015, prior to the removal of this case.

2. Plaintiffs' claims against TIC are predicated on the allegation that TIC assumed sufficient risk and control of the benefit determinations made under the subject auto insurance policy (the "**Policy**"), to be held liable for breach of contract and bad faith.

3. Plaintiffs allege that they were wrongfully denied auto insurance coverage because unbeknownst to them, the Policy was improperly cancelled before they submitted their coverage claim.

4. To prevail on any of their claims against Defendants, Plaintiffs agree they must prove the cancellation of their coverage was ineffective insofar as it was contrary to the terms and conditions of the policy.

5. On July 20, 2015, Plaintiffs' moved the Court for summary judgment in their favor with respect to their breach of contract claim against SFIC.

6. On September 21, 2015, the Court entered an Order denying Plaintiffs' motion for summary judgment based upon its conclusion that the cancellation of Plaintiffs' coverage was, as a matter of law, effective and consistent with the plain terms and conditions of the policy.

7. The Parties agree the Court's conclusion of law made in connection with denying Plaintiffs' motion for summary judgment is dispositive to all claims against Defendants and, therefore, final judgment should be entered in Defendants' favor.

## CONCLUSION

WHEREFORE, the Parties agree that based on the Court's conclusion of law made in connection within its March 25, 2015 Order, the Court should grant summary judgment in favor of Defendants and enter a Final Judgment for this action.

    s/Tony Gould
Tony Gould, OBA #18564
George H. Brown, OBA #18020
Robert W. Henderson, OBA #31082
**BROWN & GOULD, PLLC**
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: tgould@browngouldlaw.com

**ATTORNEYS FOR PLAINTIFFS**


    s/ Derrick T. DeWitt
*(signed by filing attorney with permission)*
Derrick T. DeWitt, OBA #18044
Carolyn S. Smith, OBA #22344
**NELSON TERRY MORTON DEWITT PARUOLO & WOOD**
P. O. Box 138800
Oklahoma City, Oklahoma 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
Email: dewitt@ntmdlaw.com
csmith@ntmdlaw.com
**ATTORNEYS FOR DEFENDANT**